IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TOSHA A. BYARS,<br><br>    Plaintiff,<br><br>vs.<br><br>PETROL III, LLC, a Nebraska limited liability company;<br><br>    Defendant. | **8:17CV91**<br><br>**ORDER** |

  This matter is before the Court on Defendant's Motion for Sanctions. ([Filing No. 36](#).) For the reasons explained below, the motion will be granted, in part.

## BACKGROUND

  On September 25, 2018, Defendant's counsel, in accordance with this Court's final progression order, contacted the Court requesting a telephone conference with the undersigned to discuss a discovery dispute. The Court's final progression order states that "[m]otions to compel shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference to discuss the parties' dispute." ([Filing No. 25](#).) Defendant's counsel indicated that Plaintiff was refusing to produce certain documents until a protective order was entered, but that Plaintiff had not filed a motion for protective order or circulated a proposed protective order. The specific documents being withheld were responsive to Defendant's Request for Production No. 1, which provides:

> Produce the Plaintiff's federal and state income tax returns, including W-2 forms and all schedules, for calendar year 2010 and each year thereafter through the present and, once prepared, her 2017 federal and state income tax returns, including W-2 forms and all schedules.

Plaintiff responded to Request No. 1 as follows: "Plaintiff will make the requested documents available after entry of a mutually agreed on protective order."

The undersigned held a telephone conference with counsel on September 27, 2018 to discuss the discovery dispute. Immediately following the conference, a text order was entered as follows: "A telephone conference regarding a discovery dispute was held . . . on September 27, 2018. The parties shall confer regarding the terms of a protective order and Plaintiff shall turn over the requested documents by October 1, 2018." On September 28, 2018, the Court entered the parties' proposed protective order. ([Filing No. 32](#).)

Plaintiff did not produce the documents on October 1, 2018. Thus, on October 25, 2018, Defendant's counsel contacted Plaintiff's counsel and informed her that a motion for sanctions would be filed if the documents were not received by the following Monday. In response to the email, Plaintiff's counsel provided Plaintiff's 2016 federal and state tax returns, but without W-2 forms. On November 5, 2018, Defendant's counsel inquired as to the thereabouts of other documents, including Plaintiff's 2010 through 2017 tax returns and W-2 forms. Plaintiff's counsel responded on November 5, 2018, stating that she had provided what her clients had produced and that she could not create documents to produce.

Defendant filed the instant motion for sanctions on November 8, 2018. ([Filing No. 36](#).)

## DISCUSSION

Defendant seeks sanctions under Federal Rule of Civil Procedure 37(b)(2)(A) for Plaintiff's failure to comply with this Court's September 27, 2018 order. Defendant requests that the Court dismiss Plaintiff's case or, alternatively, prohibit Plaintiff from putting on evidence at trial regarding damages for economic loss and strike such remedies from her pleadings. Defendant also requests an award of costs and attorney's fees incurred in filing the motion for sanctions.

Rule 37(b)(2)(A) provides:

> If a party or a party's officer, director, or managing agent—or a witness designed under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Rule 37(b)(2)(C) provides that instead of or in addition to those sanctions listed above, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

In opposition to the motion, Plaintiff argues that because Defendant did not file a motion to compel, sanctions cannot be imposed. Plaintiff also contends that sanctions are inappropriate because no documents have been withheld. Plaintiff claims that all documents in her possession have been turned over and that the 2016 returns were not timely produced due to "inadvertence." (Filing No. 41 at CM/ECF p. 2.) The Court finds these arguments unpersuasive.

First, this Court's final progression order requires that parties contact chambers before filing a motion to compel. Such a requirement is expressly permitted by the Federal Rules of Civil procedure. Federal Rule 16(b)(3) provides that a court's scheduling order may "direct that before moving for an order relating to discovery, the movant must request a conference with the court." Fed. R. Civ. P. 16(b)(3)(v). As required by this Court's progression order, Defendant's counsel contacted the Court regarding the discovery dispute and a telephone conference was held two days

later. Immediately following the conference, the undersigned entered an order requiring that the subject documents be produced by October 1, 2018. Despite this directive, Plaintiff did not produce the documents due to "inadvertence."[1] Plaintiff's deposition had to be adjourned until the returns were produced.

The fact of the matter is that the undersigned entered a discovery order and Plaintiff failed to comply. Defendant did not need to file motion to compel because the Court, in accordance with its established procedures, had already addressed the discovery dispute with the parties and directed Plaintiff to produce the documents. *See Integrity Electronics, Inc. v. Garden State Distributors, Inc.*, No. 09 CIV. 2367 (ILG) (CLP), 2012 WL 1041349, at *3 (E.D. N.Y. Mar. 28, 2012) (rejecting the defendants' argument that the plaintiff was required to move for an obtain an order compelling more satisfactory answers to discovery before sanctions could be imposed).

Second, although Plaintiff's counsel maintains that all documents in Plaintiff's possession have been produced, this does not excuse Plaintiff from producing all the requested tax documents. Federal Rule of Civil Procedure 34 allows a party to request documents that are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a). "[C]ontrol is defined as the legal right, authority, or ability to obtain upon demand documents in the possession of another." *In re Hallmark Capital Corp.*, 534 F. Supp.2d 981, 982 (D. Minn. 2008) (quotation omitted). A party does not need to have actual possession of documents, "rather documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." *Id*. The mere nature of the documents requested demonstrates that they are in Plaintiff's possession, custody, or control.[2]

---

[1] Notably, Plaintiff's counsel has not explained what caused this alleged "inadvertence."

[2] In her answers to Defendant's document production requests, Plaintiff did not indicate that she did not have responsive documents, nor did she object to production. Rather, Plaintiff stated that she would produce the documents following entry of a protective order.

4

Plaintiff testified during her deposition that she filed tax returns, at least for the years 2014, 2015, 2016, and 2017. Plaintiff also disclosed who assisted her in preparing the returns. She further testified that she could have her tax preparer get the requested documents. She stated that although her attorney had requested the documents, she had not provided them because it slipped her mind. It is apparent that the tax documents exist, and that Plaintiff has the ability to obtain the documents. If she cannot get them through the individual who prepared her taxes, she can surely request copies from the Internal Revenue Service.

Under the circumstances, the Court finds that an award of sanctions is appropriate. The Court will not, however, go to the extreme measure of dismissing this suit or prohibiting Plaintiff from putting on evidence at trial. Instead, the Court will award Defendant the costs and attorney's fees it incurred in filing this motion for sanctions. Moreover, if the deposition of Plaintiff needs to be reconvened due to Plaintiff's failure to timely produce the tax documents, Plaintiff may, upon proper motion by Defendant, be required to pay the costs of any such deposition. Plaintiff will also be ordered, once again, to produce the outstanding tax documents.

Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion for Sanctions ([Filing No. 36](Filing No. 36)) is granted, in part, as set out above. By January 25, 2019, Defendant shall file a motion requesting an award of costs and fees incurred in filing the Motion for Sanctions. Along with the motion, Defendant must submit an itemization of expenses incurred in connection with preparing the Motion for Sanctions. Defendant is advised that for a proper award, expenses must be reasonable and itemized with specificity.

2. Plaintiff shall produce the tax documents by January 25, 2018. In the event the documents must be obtained from the IRS and Plaintiff is unable to obtain the tax documents from the IRS by January 25, 2018, Plaintiff shall so notify the Court in advance of the production deadline. If Defendant believes the pretrial conference and trial need to be continued due to

5

Plaintiff's failure to timely produce the requested documents, Defendant's counsel shall contact the Court to set a status conference regarding the matter.

Dated this 11th day of January, 2019.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge