IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TOSHA A. BYARS,

    Plaintiff,

vs.

PETROL III, LLC, a Nebraska limited liability company,

    Defendant.

8:17CV91

MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56. Filing No. 38. Plaintiff bought this action alleging retaliation in employment under 42 U.S.C. 2000e-2 et seq and Neb. Rev. Stat. §§ 48-1004 et seq. Filing No. 1. Plaintiff dually filed her charge of retaliation with the Nebraska Equal Opportunity Commission ("NEOC"), NEB 1-15/16-5-48038-RS, and the Equal Employment Opportunity Commission ("EEOC"), 32E-2016-00561. Filing No. 1, at 4. The EEOC issued a right to sue letter on December 23, 2016. *Id.*

I. **STANDARD OF REVIEW**

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that

1

party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The movant 'bears the initial responsibility of informing the district court of the basis for its motion and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042, (8th Cir. 2011) (en banc) (quoting *Celotex*, 477 U.S. at 323). If the movant does so, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex*, 477 U.S. at 324). "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). If "reasonable minds could differ as to the import of the evidence," summary judgment should not be granted. *Id.* at 251.

The evidence must be viewed in the light most favorable to the nonmoving party, giving the nonmoving party the benefit of all reasonable inferences. *Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003). "In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations." *Id.* "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir. 2004).

II.  **BACKGROUND**

This case involves allegations that Defendant retaliated against Plaintiff after Plaintiff's now ex-girlfriend, Lekenvish Alford, filed a discrimination charge based on

2

sexual harassment against Defendant.[1] Filing No. 1, at 2. In August of 2015, Plaintiff was hired by Defendant to work at Defendant's store, Kicks 66. *Id.* According to the Plaintiff, Plaintiff and Alford were living together "[a]t the time" Plaintiff began working at Kicks 66. Filing No. 43-3, Byars Dep. 10:15-16, Oct. 3, 2018. In November, Alford reported that she had been sexually harassed by a coworker, to the Defendant. Filing No. 1, Complaint, at 4-6, *Alford v. Petrol III, LLC.,* 8:17-cv-00092. After she reported that she had been harassed, she was terminated. *Id.* On February 5, 2016, Alford filed a claim of discrimination based on sexual harassment with the NEOC. *Id.* at 2-3.

Plaintiff alleges that after the claim was filed, her supervisor, Deb Kiety, the Kicks 66 location manager, began changing the terms and conditions of Plaintiff's employment. Filing No. 1, at 2. Plaintiff states that Kiety began avoiding Plaintiff and "hyper-monitoring" her work performance. *Id.* at 3. Ultimately, Plaintiff was fired on March 25, 2016. *Id.* at 3. Plaintiff was informed that she was fired for violating an anti-cellphone policy. *Id.* Plaintiff argues that she was fired in retaliation of Alford's actions. *Id.* at 5.

In contrast, Defendant alleges that during Plaintiff's first two months of employment, she was reprimanded "many times" for abuse of the time clock, accounting for her cash draw, and violating a cell phone policy. Filing No. 39, at 5. Defendant states that Byars received written reprimands on both November 30, 2015 and December 9, 2015. *Id.* at 5-6. With regards to the cellphone policy, Defendant argues that the cellphone policy had been in effect as early as February 1, 2013 as part of Defendant's "Policies and Procedures" handbook. *Id.* at 3. Defendant states that Plaintiff was

---

[1] Alford's discrimination suit, Case No. 8:17CV00092, was found to be related to this case and was reassigned to Judge Bataillon. Filing No. 3.

provided a copy of the handbook upon being hired and therefore, was on notice that she was violating company policy. *Id.* at 4.

In response, Plaintiff alleges that the only disciplinary actions against her were within a three-week window after Alford filed a sexual harassment claim against Defendant. Filing No. 1, at 4. Moreover, Plaintiff states that the cellphone policy was only implemented in March of 2016. *Id.* She argues that the first time she signed an acknowledgement of the cellphone policy was on the day she was fired. *Id.*

III. **DISCUSSION**

Title VII provides that it shall be an unlawful employment practice for any employer to retaliate against an employee or an applicant for employment "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a) (1994). A Title VII claim may be brought by an individual who does not directly oppose an unlawful employment practice so long as they fall within the zone of interests intended to be protected by Title VII. *See e.g. generally Thompson v. North American Stainless, LP,* 562 U.S. 170, 177-78 (2001) (holding that a plaintiff had a cause of action when he was retaliated against after his fiancé filed a sex discrimination charge against their common employer).

To establish a prima facie claim of retaliation, the plaintiff has to show that: (1) she filed a charge of harassment or engaged in other protected activity; (2) her employer subsequently took an adverse employment action against her; and (3) the adverse action was casually linked to his protected activity. *See Cross v. Cleaver,* 142 F.3d 1059, 1071-

72 (8th Cir. 1998). If the plaintiff makes this showing, the employer must then rebut the presumption by articulating a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* If the employer does this, the burden of proof shifts back to the plaintiff to demonstrate that the employer's nondiscriminatory reason is pretextual. *Id.* at 1072.

### a. Standing

To have standing to bring a Title VII retaliation claim, the challenged action must have caused the plaintiff an injury in fact, and the injury must be to an interest arguably within the zone of interests intended to be protected by the relevant statute. *Clayton v. White Hall School Dist.,* 875 F.2d 676, 679 (8th Cir. 1989) (citing *Coalition for the Env't. v. Volpe,* 504 F.2d 156, 165 (8th Cir. 1974)). Title VII's anti-retaliation provision prohibits any employer action that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Thompson*, 562 U.S. at 174 (citing *Burlington N. & S.F.R. Co. v. White,* 548 U.S. 53, 68 (2006).

With regards to third parties, the Supreme Court has held that third parties may bring a claim for retaliation if the claimant falls within the "zone of interests" sought to be protected by the statutory provision forming the basis for the complaint. *Id.* at 177. In other words, a person may fall within the "zone of interests" if a reprisal towards them, would deter another employee from engaging in a protected activity. *See id.* at 174.

The Supreme Court declined to identify a fixed class of relationships for which third-party reprisals are unlawful. "We expect that firing a close family member will almost always meet . . . the standard and inflicting a milder reprisal on a mere acquaintance will almost never do, but beyond that we are reluctant to generalize." *Id.* at 175. Beyond that,

the court refused to generalize. *Id.* In assessing the precise facts of the case, the court in *Thompson*, held that the claimant could bring a retaliation claim after his fiancée filed a sex discrimination charge with the EEOC. *Id.*

Courts have been hesitant to deny a claim for retaliation simply because the claimant was not engaged to be married to the individual who engaged in a protected activity. In *[E.E.O.C. v. Fred Fuller Oil Co., Inc.](#)*, 2014 WL 347635 (Jan. 31, 2014), the court denied a motion for judgment on the pleadings in which the claimant was allegedly a close friend of the individual who engaged in the protected conduct. The court stated that the relationship, as pled, left some gray area as to whether the claimant was a close friend or only casual acquaintance of the individual who engaged in the protected conduct. *Id.* at *6. The court refused to guarantee that the friendship could support a successful retaliation claim. *[Id.](#)* Likewise, the court refused to hold as a matter of law that the friendship could not support a successful claim. *[Id.](#)* Essentially, given the right facts, a close friendship could support a claim for retaliation.

Similarly, in *[Ali v. District of Columbia Gov't,](#)* 810 F. Supp.2d 78 (D.C.C. 2011) the court found that there was a genuine dispute of fact as to whether an employee suffered a materially adverse action when his best friend was threatened with termination. In denying the employer's summary judgment motion, the court stated that "[c]ommon sense suggests . . . that, a reasonable worker would be deterred from pursuing a discrimination complaint by a credible threat to fire a close friend."

In the current case, Plaintiff has alleged that she was in a romantic relationship with Alford, and she was fired in retaliation for Alford reporting sexual harassment by a coworker. [Filing No. 1](#); Byars Depo. 12:7-10 (Oct. 3, 2018). Defendant alleges that

6

Plaintiff does not fall within the "zone of interests" which is intended to be protected under Title VII because Plaintiff and Alford had a "short-lived and tenuous" relationship. Filing No. 39, at 13. Through Plaintiff's deposition, she has presented evidence that at the time Plaintiff began working for Kicks 66, she was in a romantic relationship with Alford and they were living together. Filing No. 43-3, Byars Depo. 12:7-10 (Oct. 3, 2018). Plaintiff and Alford clearly rise above the level of "mere acquaintances" or "close friends." Given this evidence, and the fact that Plaintiff suffered an injury in fact by being terminated from her position, the Court finds that Plaintiff falls within the "zone of interests" which is meant to be protected under Title VII and has standing to bring her claim.

  *b. Summary Judgment*

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). Under a summary judgment motion, the burden shifts between the parties. First the movant bears the burden of explaining the basis for its motion, then the nonmovement must set out facts that show there is a genuine issue for trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042, (8th Cir. 2011) (en banc) (quoting *Celotex*, 477 U.S. at 323-24).

In this case, Defendant claims it is entitled to summary judgment because Plaintiff cannot establish a prima facie claim for retaliation. Filing No. 39, at 15. Plaintiff contends she is female; she was harassed and retaliated against; that she was fired; and the firing is related to her then girlfriend filing a protected charge of retaliation against the Defendant. Defendant argues that there is no causal connection between Plaintiff's harm

and any potential protected activity because Plaintiff was terminated for a legitimate business reason.  *Id.* at 18.  To support this, Defendant outlines a series of occurrences when Plaintiff was reprimanded at work.  *Id.* at 5-10, Aff. of Kielty, ¶¶ 17, 18.  Defendant also has presented evidence that a cellphone policy was in effect at the time Plaintiff was hired, and that Plaintiff was notified of the Kicks 66 Policies and Procedures upon being hired.  *Id.* at 4; Aff. of Kielty, ¶ 6.  Defendant has satisfied its burden in of explaining the basis for its motion.

Next, it is the responsibility of the nonmoving party to show pretext.  Plaintiff responds by arguing that her adverse employment actions were directly caused by Alford's protected action and that her employment record is inaccurate.  Filing No. 4-14.  Plaintiff has presented evidence that some of the recorded reprimands were either mischaracterized (i.e. verbal reprimand rather than written reprimand), or falsely attributed to her when the reprimand was intended for Alford.  *Id.* at 4; Byars Depo. 96:24-97:14, Oct. 3, 2018.  Plaintiff also alleges that she was not informed of the company's current cell phone policy until she was being reprimanded for violating it.  *Id.* at 7, *see also* Byars Depo. 76:21-22, Oct. 3, 2018 (stating Byars' never "signed off" on the company's policies and procedures because she never received a copy).  Finally, Plaintiff alleges that the memos regarding her reprimands looked "totally different" when she saw them during her deposition than they did when she signed them.  *Id.* at 8, Byars Depo. 104:2-14, Oct. 3, 2018.  Plaintiff has satisfied her burden of showing pretext.

In viewing the evidence in the light most favorable to the Plaintiff, the Court finds that there are genuine issues of material fact in this case as set forth herein.  Accordingly, the Court will deny the motion for summary judgment.

THEREFORE, IT IS ORDERED THAT the defendant's motion for summary judgment (Filing No. 38) is denied.

Dated this 27th of March, 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge